**252**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Minnesota Mining and Manufacturing Company, a Delaware corporation, | Court File No.99-C-0265-S |
| Plaintiff, | |
| v. | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| Ronald Pribyl, James Harvey, Thomas Skrtic and Accu-Tech Plastics, Inc., | |
| Defendants. | |

## INTRODUCTION

Plaintiff 3M proposes the following Jury Instructions, which are addressed to specific issues arising in this case, and respectfully requests that it be permitted to supplement or modify these proposed instructions as it may be necessary or appropriate after the submission of all evidence or during conference with the Court.

Dated: December 3rd, 1999

**MICHAEL BEST & FRIEDRICH LLP**

By _Mary C. Turke_

Jon G. Furlow, #1020448
Mary C. Turke, #1027045
One South Pinckney Street
P.O. Box 806
Madison, WI 53701-1806
(608) 257-3501

**BRIGGS AND MORGAN, P.A.**
Karna A. Berg (198432)
R. Scott Davies (21337)
Lori J. Marco (277794)
2200 First National Bank Building
Saint Paul, MN 55101
(651) 223-6600

**Attorneys for Plaintiff Minnesota
Mining and Manufacturing Company**

# TABLE OF CONTENTS

Page

I.   PRELIMINARY INSTRUCTIONS ............................................................1
     1.    Nature of Case................................................................................1
     2.    Contentions of the Parties ...........................................................3
     3.    Order of Trial ................................................................................4
     4.    Evidence in the Case .....................................................................5
     5.    Province of Court and Jury ...........................................................7
     6.    Court's Comments to Counsel........................................................8
     7.    Admonition Prior to Court's Recess..............................................9

II.  GENERAL INSTRUCTIONS ....................................................................11
     8.    Province of the Court and Jury ...................................................11
     9.    Instructions Apply to Each Party ...............................................12
     10.   All Persons Equal Before the LawBOrganizations ....................13
     11.   Evidence in the CaseBStipulationsBJudicial NoticeBInterferences Permitted ......14
     12.   Questions Not Evidence..............................................................15
     13.   Preponderance of the Evidence..................................................16
     14.   EvidenceBDirectBIndirect or Circumstantial............................17
     15.   Credibility of WitnessesBDiscrepancies in Testimony...............18
     16.   ImpeachmentBInconsistent Statements or ConductBFalsus in
           Uno Falsus in Omnibus..............................................................19
     17.   Opinion EvidenceBExpert Witness............................................20
     18.   Charts and Summaries ...............................................................21
     19.   Number of Witnesses..................................................................22
     20.   Single Witness ............................................................................23
     21.   Failure to Produce Available Evidence.......................................24
     22.   Depositions and Exhibits BUse As Evidence .............................25

III. BREACH OF DUTY OF LOYALTY INSTRUCTIONS .................................26
     23.   Duty of Loyalty B Nature............................................................26
     24.   Duty of Loyalty B Breach ...........................................................27
     25.   Duty of Loyalty B Use or Disclosure of Confidential Information ......................28
     26.   Continuation of the Duty of Loyalty after Termination of the Employment.........30
     27.   Breach of Duty of Loyalty B Damages ........................................31

IV.  MISAPPROPRIATION OF TRADE SECRET INSTRUCTIONS............................33
     28.   Elements and Burden Of Proof....................................................33
     29.   Definition Of Trade Secret - Overview........................................34
     30.   Definition of Trade Secrets - Secrecy ........................................36
     31.   System of Known Elements.........................................................38
     32.   Use of a Particular Piece of Equipment .....................................39
     33.   Definition of A Trade Secret - Value...........................................40
     34.   Definition of a Trade Secret: Reasonable Efforts To Protect Secrecy.................41
     35.   Factors.........................................................................................42
     36.   Trade Secrets Distinguished From Patents .................................43
     37.   Misappropriation Of A Trade Secret ...........................................44

ii

| | | |
|---|---|---|
| 38. | Trade Secret Misappropriation/Confidential Relationship | 46 |
| 39. | Theft by Memory or by the Taking of Documents is Irrelevant | 47 |
| 40. | Improvements or Modifications Are Irrelevant | 49 |
| 41. | Theoretical Independent Development Not Defense | 50 |
| 42. | Willful and Deliberate Conduct | 51 |
| 43. | Willful And Malicious Conduct | 52 |
| 44. | Threatened Trade Secret Misappropriation | 53 |
| 45. | Bad Faith | 54 |
| 46. | VerdictBUnanimousBDuty to Deliberate | 55 |
| 47. | Election of ForepersonBSpecial Verdict | 56 |
| 48. | Verdict FormBJury's Responsibility | 57 |
| 49. | Communications Between Court and JuryDuring Jury's Deliberation | 58 |
| 50. | Verdict B One of Multiple Defendants | 59 |

| | | |
|---|---|---|
| V. | UNJUST ENRICHMENT INSTRUCTIONS | 60 |
| 51. | Unjust Enrichment | 60 |
| 52. | Unjust Enrichment - Trade Secret Misappropriation | 61 |
| 53. | Measure of Damages for Unjust Enrichment | 62 |

| | | |
|---|---|---|
| VI. | TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONSHIPS | 63 |

# I.   PRELIMINARY INSTRUCTIONS

**3M's Proposed Jury Instruction No. 1.**

## Nature of Case

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called the plaintiff. In this action the plaintiff is Minnesota Mining and Manufacturing ("3M"). The party against whom the suit is brought is called the defendant. In this action the defendants are Ronald Pribyl, James Harvey, Thomas Skrtic and Accu-Tech Plastics, Inc. ("Accu-Tech").

By your verdict you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his or her testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. You should avoid

reading any newspaper articles that might be published about the case, and should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not show prejudice against an attorney or client because the attorney has made objections.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Authority:  Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 70.01.

**3M's Proposed Jury Instruction No. 2.**

## Contentions of the Parties

This case involves two types of claims: claims for breach of duty of loyalty and misappropriation of trade secrets.

The first claim is for breach of duty of loyalty. 3M alleges that each of the defendants violated a duty of loyalty they owed to 3M as employees. The defendants deny these allegations. Therefore you must determine whether any or all of the defendants breached a duty of loyalty to 3M, and if so, the amount of damages to which 3M is entitled.[1]

The second claim is for misappropriation of trade secrets. 3M alleges that the defendants misappropriated some of its trade secrets. The defendants deny these allegations. Therefore you must determine whether the defendants misappropriated any of 3M's trade secrets, and, if so, the amount of damages to which 3M is entitled.[2]

---

[1]Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions (1987), Civil ' 83.06 (modified); Select Creations, Inc. v. Palia Fito America, Inc., 911 F. Supp. 1130 (E.D. Wis. 1995).

[2]Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions (1987), Civil ' 88.09 (modified).

**3M's Proposed Jury Instruction No. 3.**

## Order of Trial

The case will proceed in the following order:

First, the plaintiff 3M may make an opening statement outlining its case.  The defendants may also make an opening statement outlining their case immediately after plaintiff's statement, or they may defer the making of their opening statement until the conclusion of plaintiff's case.  What is said in opening statement is not evidence, but is simply designed to provide you with an introduction as to the evidence which the party making the statement intends to produce.

Second, the plaintiff will introduce evidence in support of its claim.  At the conclusion of the plaintiff's case, the defendants may introduce evidence.  The defendants, however, are not obligated to introduce any evidence or to call any witnesses.  If the defendants introduce evidence the plaintiff may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider that the evidence has shown and as to the inferences which they contend you should draw from the evidence.  What is said in closing argument, just as what is said in opening statement, is not evidence.  The arguments are designed to present to you the contentions of the parties based on the evidence introduced.  The plaintiff has the right to open and close the argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

Authority:  Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 70.02.

**3M's Proposed Jury Instruction No. 4.**

**Evidence in the Case**

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed, and which I instruct you to take as true for the purposes of the case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with counsel for each party being entitled to ask questions. Testimony produced in a deposition may be read to you in open court or may be played for you on a television set from a video-tape player. Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The court may take judicial notice of certain facts or events. When the court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

5

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult. I urge you to pay close attention to the testimony as it is given.

Authority: Devitt, Blackmar and Wolff, <u>Federal Jury Practice  and Instructions</u> (1987), Civil '
70.03.

**3M's Proposed Jury Instruction No. 5.**

## Province of Court and Jury

After the evidence has been heard and arguments and instruction are concluded, you will retire to consider your verdict. You will determine the facts from all the testimony that you hear and the other evidence that is submitted. You are the sole and exclusive judges of the facts, and in that field neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether you agree with them or not.

The law of the United States permits the judge to comment on the evidence in the case during the trial or in instructing the jury. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

Authority: Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 70.06.

**3M's Proposed Jury Instruction No. 6.**

## Court's Comments to Counsel

It is the duty of the court to admonish an attorney who, out of zeal for the cause of his or her client, does something which is not in keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whom an admonition of the court may be addressed during the trial of this case.

Authority:  Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 70.14.

**3M's Proposed Jury Instruction No. 7.**

### Admonition Prior to Court's Recess

You will not be required to remain together while the court is in recess. It is important that you obey the following instructions with reference to the recesses of the court:

First:  Do not discuss the case either among yourselves or with anyone else during the course of the trial. In fairness to the parties to this lawsuit you should keep on open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' summations and my instructions to you on the law, and then only after an interchange of views with the other members of the jury.

Second:  Do not permit any person to discuss the case in your presence, and if anyone does so despite your telling him not to, report that fact to the court as soon as you are able. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel necessary to bring to the attention of the court.

Third:  though it is a normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not converse about the case, but do not converse at all, even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

Fourth:  Do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matters which are not proper evidence for your consideration. You must base your verdict solely on what is brought out in court.

Fifth:  Do not do any research or make any investigation about the case on your own.

9

<u>Sixth</u>:  Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Authority:  Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 70.15.

## II. GENERAL INSTRUCTIONS

**3M's Proposed Jury Instruction No. 8.**

**Province of the Court and Jury**

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 9.**

## Instructions Apply to Each Party

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 10.**

### All Persons Equal Before the LawBOrganizations

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Authority: Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 71.04.

**3M's Proposed Jury Instruction No. 11.**

**Evidence in the CaseBStipulationsB
Judicial NoticeBInterferences Permitted**

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 12.**

**Questions Not Evidence**

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 13.**

## Preponderance of the Evidence

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 14.**

### EvidenceBDirectBIndirect or Circumstantial

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 15.**

### Credibility of WitnessesBDiscrepancies in Testimony

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 16.**

## ImpeachmentBInconsistent Statements
## or ConductBFalsus in Uno Falsus in Omnibus

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 17.**

**Opinion EvidenceBExpert Witness**

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 18.**

### Charts and Summaries

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. However, such charts or summaries are not in and of themselves evidence of proof of any facts. If such charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, such charts or summaries are used only as a matter of convenience; so if, and to the extent that you find they are not in truth summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

Authority: Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 72.09.

**3M's Proposed Jury Instruction No. 19.**

## Number of Witnesses

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

Authority:  Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 72.13.

**3M's Proposed Jury Instruction No. 20.**

## Single Witness

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Authority:  Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 72.14.

**3M's Proposed Jury Instruction No. 21.**

## Failure to Produce Available Evidence

If a party fails to produce evidence which is under his control and reasonably available to him and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

Authority: Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 72.16.

**3M's Proposed Jury Instruction No. 22.**

### Depositions and Exhibits BUse As Evidence

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness may under certain circumstances be presented in writing, under oath, in the form of a deposition. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had testified from the witness stand.

During the trial I have also received certain exhibits into evidence. These exhibits are evidence for you, the jury, to consider with the other evidence admitted through testimony or deposition.

Authority: Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 73.02 (modified).

## III. BREACH OF DUTY OF LOYALTY INSTRUCTIONS

**3M's Proposed Jury Instruction No. 23.**

### Duty of Loyalty в Nature

All employees owe their employer a duty of loyalty. The very nature of the relationship indicates that the employer has placed trust and confidence in the employee. This means that the employee is duty-bound to exercise the utmost good faith and loyalty toward his or her employer with respect to all matters within the scope of the employment. An employee owes a duty to act solely for the employer's benefit in all such matters and a duty not to act adversely to the employer.

Authority: Standard Brands, Inc. v. United States Partition & Packaging Corp., 199 F.Supp. 161, 171 (E.D. Wis. 1961); Bank of California v. Hoffman, 38 N.W.2d 506, 509 (Wis. 1949); Restatement (Second) Agency ' ' 393, 395.

**3M's Proposed Jury Instruction No. 24.**

### Duty of Loyalty в Breach

3M claims that each of the individual defendants, Mr. Pribyl, Mr. Harvey and Mr. Skrtic, breached the duty of loyalty they owed 3M. In order to prevail on this claim, 3M must prove by a preponderance of the evidence that any or all of the defendants violated the trust or confidence of their employment relationship by failing to act solely for the benefit of 3M or by acting adversely to 3M'ss interests while in the employ of 3M.

It is for you to determine, considering all the circumstances of the case, whether any or all of the defendants engaged in activities that breached their duty of loyalty to 3M  In reaching that decision you may consider:

1) Whether any or all of the defendants either concealed, omitted or falsely stated information to third parties in a manner that was adverse to 3M;

2) Whether any or all of the defendants failed to disclose to 3M information that they acquired from third parties that may have been of benefit to 3M in conducting its business.

3) Whether any or all of the defendants used 3M time to advance their own private interests or profits in the formation or business of Accu-Tech.

4) Whether any or all of the defendants were reimbursed expenses by 3M for travel or work related to the formation or business of Accu-Tech.

5) Whether any or all of the defendants either disclosed confidential 3M information to others or used confidential 3M information in a manner that was adverse to 3M.

Authority: Burg v. Miniature Precision Components, Inc., 111 Wis. 2d1, 330 N.W.2d, 192 (1983).

Jury's Proposed Jury Instruction No. 25.

### Duty of Loyalty B Use or Disclosure of Confidential Information

An agent has a duty not to use or communicate confidential information given by the principal or acquired during the course of or on account of the agency 1) to the injury of the principal; 2) on the agent's own account; or 3) on behalf of another. This is true even if the information does not rise to the level of a trade secret or relate to the scope of the agency, unless the information is a matter of general knowledge.

This rule applies not only to those communications which are stated to be confidential, but also to information that the agent should know his principal would not care to have revealed to others.

Authority: <u>Bank of California</u>, 38 N.W.2d at 509, <u>Select Creations, Inc.</u>, 911 F.Supp. at 1154; Restatement (Second) Agency, ' 395; <u>Id</u>., cont. b.

**3M's Proposed Jury Instruction No. 26.**

### Continuation of the Duty of Loyalty after Termination of the Employment

The employee's duty of loyalty to the employer continues, in part, even after termination of the employment relationship. After termination of the agency, the employee or agent:

$ has a duty not to use or disclose, on the employee's own account or on account of others, to the injury of the principal, trade secrets, lists of names or other similar confidential matters. The employee is entitled to use only general information;

$ has a duty to account for profits made by the sale or use of trade secrets or other confidential information, whether or not in competition with the principal; and

$ has a duty to the principal not to take advantage of a still subsisting confidential relation created during the prior agency relation.

Authority:  Restatement (Second) Agency, ' 396.

**3M's Proposed Jury Instruction No. 27.**

### Breach of Duty of Loyalty B Damages

If you find that any or all of the defendants breached the duty of loyalty they owed 3M, you must determine what damages were proximately caused by the acts or omissions which constituted the breach of duty. In reaching that decision you must consider the nature and extent of each defendants services, the breach of their duty, the loss, expenses and inconvenience caused 3M and the value of the services properly rendered to 3M by each defendant.

Authority: Devitt, Blackmar, Wolff, <u>Federal Jury Practice and Instructions</u> 1987, Civil ' 83.06 (modified); <u>Hartford Elevator, Inc. v. Lauer</u>, 289, N.W.2d 280, 287 (Wis. 1980).

## IV.  MISAPPROPRIATION OF TRADE SECRET INSTRUCTIONS

**3M's Proposed Jury Instruction No. 28.**

### Elements and Burden Of Proof

Plaintiff 3M is seeking to recover damages from defendants for the unauthorized use and/or disclosure of 3M's trade secrets. This claim is called misappropriation of trade secrets. In order for 3M to prevail on this claim, 3M must prove, by a preponderance of the evidence, the following elements:

1)    That 3M owned a trade secret;

2)    That the defendants misappropriated that trade secret;

3)    That this misappropriation caused 3M to suffer damages and/or the defendants to be unjustly enriched.

I will now explain in more detail each of these elements.

Authority: <u>Minuteman, Inc. v. Alexander</u>, 147 Wis.2d 842, 853-4 (1989)

33

**3M's Proposed Jury Instruction No. 29.**

**Definition Of Trade Secret - Overview**

A trade secret is information, including a compilation, program, method, technique or process. A trade secret may consist of know-how. Trade secret information can also reside in knowing what not to do. In order to be a trade secret, information must meet a two-part test. First, the information must derive economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. Second, the information must be the subject of efforts to maintain its secrecy that are reasonable under the circumstances.

Authority: Wis.Civ.Stat. ' 134.90(1)(c); Minuteman, Inc. v. Alexander, 147 Wis.2d 842, 852 (1989); Components for Research, Inc. v. Isolation Products, Inc., 241 Cal.App.2d 726, 729 (1966) (know-how); Uniform Trade Secrets Act ' 4, Comments (knowing what will not work)

34

35

3M's Proposed Jury Instruction No. 30.

## Definition of Trade Secrets - Secrecy

I am now going to explain the first part of the two-part test for a trade secret. In order for information to be a trade secret, that information must not be generally known and not be readily ascertainable by proper means.

Thus, to qualify as a trade secret, the information must not be generally known. This means that the information must not be generally known to the public, to others in the industry, and to any other person who can obtain an economic benefit from knowing the information. However, the information does not have to absolutely secret in order to be a trade secret. The information can have been disclosed to employees or to outside persons, such as consultants, licensees or potential buyers of the company, as long as the trade secret owner took reasonable efforts to keep the information from further disclosure.

Further, to qualify as a trade secret, the information must not be readily ascertainable by proper means. This means that the information must not be available in trade journals, reference books, or other published materials. It also means that the information cannot be duplicated or acquired by proper means without investing a substantial amount of time, expense or effort. In other words, the fact that information could be duplicated or acquired by proper means does not preclude information from being a trade secret, if such duplication or acquisition would involve the investment of a substantial amount of time, expense or effort.

Authority: Wis. Sta.134.90(1)(b) ("Readily ascertainable information does not include information accessible through a license agreement or by an employee under a confidentiality agreement with his or her employer"); Minuteman, Inc. v. Alexander, 147 Wis.2d 842, 853 (1989) (the fact that information can be reverse engineered does not mean that the information cannot be a trade secret); Amoco Production Co. v. Laird, 622 N.E.2d 912, 918-920,30 U.S.P.Q.2d 1515, 1520 (Ind. 1993); USTA ' 1, Commissioner" Comment ("Information is readily ascertainable if it is available in trade journals, reference books, or published materials") ("where the duplication or acquisition of alleged trade secret information requires a substantial investment or time, expense, or effort, such information may be found 'not readily ascertainable' so as to qualify for protection under the Indiana Uniform Trade Secrets Act.'"); Mangren Research & Development v. Naf. Chemical, 87 F.3d 937, 942 (7th Cir. 1996) (relying on Illinois version of UTSA).

**3M's Proposed Jury Instruction No. 31.**

### System of Known Elements

As I just explained, a trade secret needs to be essentially secret. However, a trade secret may consist of a process or system, wherein some or all of the various individual steps of the process or elements of the system are, by themselves, known. To put it another way, the mere fact that a process or system contains elements or steps that are known does not preclude a finding that the process or system as a whole is a trade secret. The test is whether the process or compilation as a whole qualifies as a trade secret under the standards that I am describing to you.

Authority: Amoco Production Co. v. Laird, 622 N.E.2d 912, 919, 30 U.S.P.Q.2d 1515, 1520 (Ind. 1993); Trandes Corp. v. Guy F. Stkinson Co., 24 U.S.P.Q. 2d 1682, 1685; Weston v. Buckley, 42 U.S.P.Q.2d 1564, 1566 (Ind. 1997).

**3M's Proposed Jury Instruction No. 320**

## Use of a Particular Piece of Equipment

That a company uses a particular model or brand of equipment from among a variety of available alternatives, in a manufacturing process, can constitute a trade secret.

Authority: <u>Salsbury Labs., Inc. v. Merieux Labs, Inc.</u>, 735 F.Supp. 1555, 1569 (M.D. Ga. 1989)(the fact that a company uses certain ingredients and methods constitutes trade secret information), <u>aff'd</u>, 908 F.2d 706 (11th Cir. 1990).

**3M's Proposed Jury Instruction No. 330**

### Definition of A Trade Secret - Value

In addition to being essentially secret, the first part of the definition of a trade secret requires that the trade secret have value that results from its essential secrecy. In other words, a trade secret must be of sufficient value to provide an actual or potential economic advantage to its owner over others who do not possess the information.

Evidence of economic value may include, but is not limited to, the expenditure of time and money to develop the trade secrets, the possibility of licensing of trade secrets, the importance of the trade secrets to the plaintiff's business and to its success as a company, and any admissions by defendants as to the value thereof.

Authority: Wis.Civ.Stat. ' 134.90(c)(1); Gordon v. Landau, 49 Cal.2d 690, 694 (1958) (importance to company and its success evidence of trade secret status); A.O. Smith Corp. v. Petroleum Ironworks Co., 73 F.2d. 531, 539 (6'h Cir. 1934) (admission by defendant to value); Space Aero Products Co. v. R.E. Darling Co., 238 Md. 93, 145 U.S.P.Q. 356, 362 (Md. App. 1965), *cert. denied*, 382 U.S. 843, 15 L.Ed.2d 83, 86 S.Ct. 77 (1965); Aries Information Systems, Inc. v. Pacific Management Systems Corp, 226 U.S.P.Q. 440, 442 (Minn. App. Ct. 1985).

**3M's Proposed Jury Instruction No. 340**

### Definition of a Trade Secret: Reasonable Efforts To Protect Secrecy

The second element of a trade secret is that the owner must have made reasonable efforts to keep the information secret. The level of secrecy, however, need not be absolute. Further, there are no specific steps or actions that the owner is required to take in order to maintain secrecy. For example, the owner is not required to have written nondisclosure agreements, exit interviews or security guards. Rather, the test is whether, under the entirety of the circumstances, the owner took reasonable measures to preserve the secrecy of the information. What may be reasonable measures in one context may not be reasonable in another. Only reasonable efforts are required to protect the secrecy of trade secrets, not all conceivable efforts. The following are some of the factors that you should consider in reaching this determination:

1  Plaintiff's efforts to impress upon its employees the need to keep the information secret;

2  the measures Plaintiff adopted to restrict access of non-employees to the information; and

3  the steps Plaintiff took to guard the secrecy of its information when discussing that information with outsiders.

You should use your common sense judgment in reaching this determination.

Authority: <u>In re Innovative Construction Systems, Inc.</u>, 793 F.2d 875, 883-5 (7th Cir. 1986) (lists factors (1) efforts to impress upon employees need to keep information secret; (2) measures adopted to restrict access of non-employees to information; and (3) steps taken to guard the secrecy of information when discussing that information with outsiders; holds owner not required to have written non-disclosure agreements, exit interviews or security guards); <u>All West Pet Supply v. Hill's Pet Products</u>, 840 F.Supp. 1433, 1437-38 (D.Kan. 1993) ("Only reasonable efforts are required to protect the secrecy of putative trade secrets, not all conceivable efforts.")

**3M's Proposed Jury Instruction No. 350**

## Factors

To summarize, in deciding whether information qualifies as a trade secret, you may consider the following factors as guidance in reaching your decision

1       The extent to which the information was known outside of 3M's business.

2       The extent to which the information was known by employees and others involved in 3M's business.

3       The extent of measures taken by 3M to guard the secrecy of the information.

4       The value of the information to 3M and its competitors.

5       The amount of effort or money expended by 3M in developing the information.

6       The ease or difficulty with which the information could be properly acquired or duplicated by others.

All six of these factors need not be fulfilled in order for information to constitute a trade secrets. Rather, these factors are merely to provide guidance to you.

Authority: <u>Minuteman, Inc. v. Alexander</u>, 147 Wis.2d 842, 853 (1989); <u>Nalco Chemical Co. v. Hydro Technologies, Inc.</u>, 984 F.2d 801, 8034 (7th Cir. 1992) (applying Wisconsin law)

**3M's Proposed Jury Instruction No. 360**

## Trade Secrets Distinguished From Patents

A trade secret need not be patentable. Unlike a patented invention, a trade secret need not be new, novel or unique. Nonetheless, a trade secret must possess at least a modicum of originality that will separate it from everyday knowledge.

Authority: <u>Innovative Construction Systems, Inc.</u>, 793 F.2d 875, 886 (7th Cir. 1986)

**3M's Proposed Jury Instruction No. 370**

### Misappropriation Of A Trade Secret

If you find that plaintiff 3M has proved the existence of trade secret information as I have defined it for you, then you must decide whether 3M has proven by a preponderance of the evidence that defendants have misappropriated any of this information.

There are basically three ways in which a trade secret can be misappropriated.

The first way is for a person to acquire, by improper means, information that he or she knows or should know is another's trade secret. Improper means includes espionage, theft, misrepresentation, breach of a duty to maintain secrecy, or inducement of a breach of duty to maintain secrecy.

The second way that a person can misappropriate a trade secret is by disclosing or using without express or implied consent a trade secret of another if that person used improper means to acquire knowledge of the trade secret.

The third way that a person can misappropriate a trade secret is by disclosing or using without express or implied consent a trade secret of another if, at the time of the disclosure or use, the person knew or had reason to know that he or she obtained knowledge of the trade secret through any of the following means:

    (a)    Deriving it from or through a person who utilized improper means to acquire it; or

    (b)    Acquiring it under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

    (c)    Deriving it from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

    (d)    Acquiring it by accident or mistake.

Authority: Wis.Civ.Stat. ' 134.90(2); <u>Minuteman, Inc. v. Alexander</u>, 147 Wis.2d 842, 852 (1989)

**3M's Proposed Jury Instruction No. 380**

### Trade Secret Misappropriation/Confidential Relationship

The duty to maintain secrecy arises from a confidential relationship. To determine whether

a trade secret was used or disclosed to the defendants through a confidential relationship you may

consider whether, based on the dealings between the parties, defendants knew or should have known

that 3M expected the information to be kept secret and whether 3M's expectation was reasonable.

An agreement about confidentiality may be implicit from the circumstances of the parties' dealings.

Authority: ABA Model Jury Instructions Business Torts Litigation (3d ed. 1996), 8.04[2]; Surgidev Corp. v. Eye Technology, Inc., 648 F. Supp. 661, 694-95 (D. Minn. 1986), aff'd, 828 F.2d 452 (8th Cir. 1987)(plaintiff can prove confidential relationship by presenting proof of continuous trusting relationship).

**3M's Proposed Jury Instruction No. 390**

### Theft by Memory or by the Taking of Documents is Irrelevant

Liability for misappropriation is not dependent on a showing by 3M that its documents were taken. No documents need be shown to have been taken. Misappropriation by the use of one's memory is forbidden.

Authority: <u>Cybertek Computer Products, Inc. v. Whitfield</u>, 203 U.S.P.Q. 1020, 1025 (Cal.Sup.Ct. 1977).

**3M's Proposed Jury Instruction No. 400**

## Improvements or Modifications Are Irrelevant

You may find defendants liable for trade secret misappropriation even if they used plaintiff's trade secrets with modifications or improvements effected by the defendants' own efforts, so long as the processes or products used by defendants were derived from plaintiff's trade secrets.

Authority: <u>In re Innovative Construction Systems, Inc.</u>, 793 F.2d 875, 883-5 (7th Cir. 1986)

**3M's Proposed Jury Instruction No. 410**

### Theoretical Independent Development Not Defense

It is not a defense to a claim of trade secret misappropriation that the trade secret could have been independently developed by either the defendant or a third party without resort to plaintiff's trade secrets. That is, the mere availability of proper means to discover the trade secret will not excuse a misappropriation. As long as you find that the information is question is a trade secret, and that defendants misappropriated that trade secret, then there is liability.

Authority: In re Innovative Construction Systems, Inc., 793 F.2d 875, 883-5 (7th Cir. 1986); Amoco Corp. v. Laird, 30 U.S.P.Q. 2d 1515, 1520 (Ind. 1993)

**3M's Proposed Jury Instruction No. 420**

## Willful and Deliberate Conduct

If you decide that any or all defendants have misappropriated a trade secret of 3M, you then must decide whether such misappropriation was willful and deliberate. A misappropriation is willful and deliberate if it is done voluntarily and not by accident.

You may consider statements made, acts done or omitted, and all facts or circumstances which show whether or not defendant acted intentionally and not by accident. The law assumes that every person intends the natural consequences of one's knowingly done acts.

Authority: Wisc. Stat. Sec. 1334.90(4)(c); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions (1987), Civil sec. 106.06; ABA Model Jury Instructions, Business Torts Litigation (3d ed.) Sec. 2.06[2], [3].

**3M's Proposed Jury Instruction No. 430**

### Willful And Malicious Conduct

If you decide that any or all defendants has misappropriated a trade secret of 3M, you then must decide whether such misappropriation was willful and malicious. A misappropriation is willful and malicious if it is either intentional or results from the conscious disregard of the rights of another.

Authority: Wisc.Stat. ' 134.90(4)(b); <u>Mangren Res. & Dev. v. National Chemical Co.</u>, 87 F.3d 937, 946 (7th Cir. 1996).

**3M's Proposed Jury Instruction No. 440**

## Threatened Trade Secret Misappropriation

No person may threaten to misappropriate a trade secret. The defendants in this case have threatened to misappropriate 3M's technical and business trade secret information. It is highly probable or inevitable defendants or any one of them will use or disclose that information in the future in their work with Accu-Tech.

Authority: Wisc. Stat. ' 134.90(2); <u>LaCalhene, Inc. v. Spolyar</u>, 938 F. Supp. 523.531 (W.D. Wis. 1996); <u>Pepsi Co., Inc. v. Redmond</u>, 54 F.3d 1262, 1269 (7th Cir. 1995).

3M's Proposed Jury Instruction No. 450

## Bad Faith

Defendants allege that plaintiff made its claim of trade secrets misappropriation in bad faith. Thus, if you find for defendants and against plaintiff on plaintiff's claim of misappropriation of trade secret, then you must decide whether plaintiff made its claim in bad faith.

Defendants have the burden of proving by evidence that is clear, satisfactory and convincing that plaintiff's claim was brought in bad faith. Defendants must to show that plaintiff's claim was both filed and maintained in bad faith.

I will now explain the meaning of bad faith. There are two components to bad faith - subjective and objective. Thus, defendants must present evidence showing that plaintiff's claim was filed and maintained in bad faith both objectively and subjectively.

To show objective bad faith, defendants must show that plaintiff's claim was frivolous or specious. The fact that plaintiff lost is not sufficient by itself to show that the claim was frivolous or specious. Rather, to show objective bad faith, defendants must show that there was no evidence to support plaintiff's claim and yet plaintiffs filed and maintained it anyway.

To show subjective bad faith, defendants must show that plaintiff knew that its claim was frivolous or specious and intentionally brought and maintained the claim anyway. In other words, plaintiff must have acted in wanton, willful or reckless disregard of the defendant's rights or interests.

Authority: <u>Micro Data Base Sys., Inc. v. Dharma Sys., Inc.</u>, 148 F.3d 649, 653-654 (7th Cir. 1998) (looking to state punitive damages laws to determine standard of proof required); <u>Wangen v. Ford Motor Co.</u>, 294 N.W.2d 437, 458 (Wis. 1980) (adopting the middle standard of proof for all cases involving punitive damages; Defendants must prove Plaintiff showed willful, wanton disregard); <u>Stilwell Dev., Inc. v. Chen</u>, 11 U.S.P.Q.2d (BNA) 1328 (E.D. Calif. 1996) (burden of proof on defendants; defendants must show claim frivolous or specious; defendants must show claim was both filed and maintained in bad faith; defendants must show there is no evidence to support Plaintiff's claim; defendants must prove Plaintiff showed willful, wanton disregard); <u>qad. inc., v. ALN Assoc.</u>, 18 U.S.P.Q.2d (BNA) 1122 (N.D. Ill. 1990) (defendants must show claim was both

filed and maintained in bad faith); Comment to UTSA, Section 4. (defendants must show claim frivolous or specious).

**3M's Proposed Jury Instruction No. 460**

**VerdictBUnanimousBDuty to Deliberate**

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 470**

## Election of ForepersonBSpecial Verdict

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 480**

**Verdict FormßJury's Responsibility**

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 490**

**Communications Between Court and Jury**
**During Jury's Deliberation**

JUDGE'S STANDARD INSTRUCTION

**3M's Proposed Jury Instruction No. 500**

### Verdict B One of Multiple Defendants

At any time during your deliberations, you may return into court your verdict as to any party concerning whom you have unanimously agreed.

Authority:  Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (1987), Civil ' 74.08.

## V.     UNJUST ENRICHMENT INSTRUCTIONS

**3M's Proposed Jury Instruction No. 510**

### Unjust Enrichment - Breach of the Duty of Loyalty

3M claims that defendants were unjustly enriched due to their actions with respect to Accu-Tech during their 3M employment.

A claim of unjust enrichment is based on the moral principle that one who has received a benefit has a duty to make restitution where retaining a benefit would be unjust.[3] 3M has the burden of proving that the defendants were disloyal to 3M and that the disloyalty so affected the defendants' on-the-job performance that it would constitute unjust enrichment to allow the defendants to retain the compensation.[4]  3M need not prove the exact effect of defendant's disloyalty.[5]

---

[3]Watts v. Watts, 405 N.W.2d 303, 313 (Wis.1987).

[4]Burg v. Miniature Precision Components, 330 N.W.2d 192, 196 (Wis.1983).

[5] Id. at 198.

**3M's Proposed Jury Instruction No. 520**

## Unjust Enrichment - Trade Secret Misappropriation

Damages for trade secret misappropriation may also be measured by the unjust enrichment to the defendants.  If defendants wrongfully obtained 3M's trade secrets, they have been unjustly enriched in an amount equal to the value of those trade secrets.

Authority: Wisc. Stat. ' 134.90(4); <u>General Clutch Corp. v. Lowry</u>, 10 F.Supp. 2d 124, 130 (D. Conn. 1998); <u>White v. Arther Ent., Inc.</u>, 464 S.E.2d 225, 225-26 (Ga. Ct. App. 1996).

**3M's Proposed Jury Instruction No. 530**

### Measure of Damages for Unjust Enrichment

If you find that Mr. Pribyl, Mr. Harvey, Mr. Skrtic and Accu-Tech have been unjustly enriched as a result of their actions, then you must determine the damages to which 3M is entitled to recover for that unjust enrichment.

The measure of damages for unjust enrichment is the benefit conferred on the defendants.[1] Defendants have the burden of establish mitigating circumstances which would reduce or defeat recovery by 3M.[2]

---

[1]Management Computer Services, Inc., v. Hawkins, Ash, Baptie & Co., 557 N.W.2d 67, 79-80 (Wis.1996).

[2]Burg v. Miniature Precision Components, 330 N.W.2d 192, 196 (Wis.1983).

## VI.    TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONSHIPS

In order for the plaintiff to recover damages for unlawful interference with prospective economic advantage, it must be found that the defendant interfered with a reasonable expectance of economic advantage and benefit on the part of the plaintiff.

Thus, the plaintiff must prove the following elements:

First, the existence of a reasonable expectation of economic advantage or benefit belonging to the plaintiff;

Second, that the defendant had knowledge of that expectation of economic advantage;

Third, that the defendant wrongfully and without justification interfered with the plaintiff's reasonable expectation of economic advantage or benefit;

Fourth, that in the absence of the wrongful act of the defendant, it is reasonably probable that the plaintiff would have realized its economic advantage or benefit; and

Fifth, that the plaintiff sustained damages as a result of this activity.

Authority: <u>Select Creations, Inc. v. Daliafito America, Inc.,</u> 911 F.Supp. 1130 (E.D. Wis. 1995); Wisc. JI-Civil ' 2780.